UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

MOZELLE FRAZIER-DUBOIS,

Defendant.

Case No. CR15-89RSL

ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

This matter comes before the Court on defendant's "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)." Dkt. #96. Defendant has also filed a "Motion to Seal" (Dkt. #97), which is GRANTED.[1] The Court, having considered the memoranda of the parties and the record contained herein, finds as follows:

**I. FACTUAL BACKGROUND**

Defendant is a 47-year-old inmate currently incarcerated at the Federal Correctional Institute ("FCI") Dublin. In October 2015, defendant pled guilty to one count of conspiracy to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Dkt. #52. On May 17, 2016, defendant was sentenced to 120 months' imprisonment with five years of supervised release. Dkt. #86. Defendant is currently scheduled

[1] The Court finds that compelling reasons justify sealing Exhibits 1 and 2 to defendant's motion.

for release from the custody of the Federal Bureau of Prisons ("BOP") on March 18, 2025. She now moves for compassionate release.

## II. LEGAL FRAMEWORK

The compassionate release statute provides narrow grounds for defendants in "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C. § 3582(c). The First Step Act of 2018 amended the procedural requirements governing compassionate release. See id. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. The Director rarely filed such motions. See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress amended the statute to allow defendants to directly petition district courts for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> (ii) . . .
>
> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

Prior to passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. See 28 U.S.C. § 994(t). Section 994(t) provides,

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in [18 U.S.C. § 3582(c)(1)(A)], shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**
>
> 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) **Medical Condition of the Defendant**—
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy

(i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.**—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**— For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of

> imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.
>
> 3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.
>
> 4. **Motion by the Director of the Bureau of Prisons.**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.
>
> This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law[.]

U.S.S.G. § 1B1.13.[2]

## III. DEFENDANT'S CIRCUMSTANCES

### a. Exhaustion Requirement

Before the Court can consider the merits of defendant's motion, it must determine whether she has met the statutory exhaustion requirement for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). The parties agree that defendant satisfied this requirement by filing a request with the Warden of FCI Dublin on April 28, 2020, Dkt. #96-1 at 2, which was denied on

[2] For the reasons set forth in detail in United States v. Van Cleave, Nos. CR03-247-RSL, CR04-125-RSL, 2020 WL 2800769, at *3-5 (W.D. Wash. May 29, 2020), "the Court finds the guidance of U.S.S.G. § 1B1.13 persuasive, but not binding." Id. The Court will exercise its discretion to consider "extraordinary and compelling" circumstances that may exist beyond those explicitly identified by the Sentencing Commission in its outdated policy statement. Id.

May 11, 2020, id. at 3. Finding that defendant has exhausted her administrative remedies, the Court will consider the merits of her motion for compassionate release.

**b. "Extraordinary and Compelling" Reasons**

Defendant's motion for compassionate release is based primarily on her heightened risk for developing serious complications if she contracts COVID-19 while incarcerated at FCI Dublin. The Court need not reiterate the widely known information regarding the symptoms of COVID-19 and the devastating global impact of the virus. COVID-19 has created unprecedented challenges for federal prisons, where inmate populations are large and close contact between inmates is unavoidable. As of September 28, 2020, the BOP reports 1,887 federal inmates and 703 BOP staff have active, confirmed positive COVID-19 test results. See COVID-19 Coronavirus, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited September 28, 2020). Since the BOP reported its first case in late March 2020, at least 124 federal inmates and two BOP staff members have died from the virus. Id. FCI Dublin currently reports no active cases of COVID-19, but six inmates and six BOP staff are classified as "recovered" from the virus. Id.

Defendant has established that her health issues place her at higher risk for developing serious complications if she contracts COVID-19. A review of defendant's BOP medical records confirms that she suffers from a constellation of health issues, including type 2 diabetes mellitus, hyperlipidemia, hypertension, and obesity. Dkt. #98-1 at 137-38. The government concedes that defendant has established "extraordinary and compelling" circumstances because she suffers from type 2 diabetes and obesity, underlying medical conditions that the Centers for Disease Control ("CDC") has recognized as increasing an individual's risk of developing severe illness from COVID-19. See Dkt. #101 at 6; see also People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 28, 2020). The Court agrees and finds that defendant has met her statutory burden to establish that "extraordinary and compelling" reasons support her compassionate release.

**c. Additional Considerations**

Before the Court can grant defendant's motion for compassionate release, however, it must also find that she "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. The government asserts that defendant's record precludes such a finding. Dkt. #101 at 8-10. The offenses for which defendant has served the current term of imprisonment are very serious. However, the Court notes defendant's past struggles with substance abuse and addiction, and the possible organizing influence that her co-defendant had in the offenses that led to her imprisonment. PSR at ¶¶ 66-70; Dkt. #79 at 3. Defendant has demonstrated prosocial behavior while incarcerated, including completing the Residential Drug Abuse Program ("RDAP") and becoming a lead senior mentor of the program, while also completing a variety of other programming. See Dkts. #96-2, #96-3. Defendant also has an approved release plan, which includes living with her very supportive parents, who are committed to assisting her financially and emotionally. Dkts. #96-1 at 5, #102. In light of these circumstances, the Court finds defendant is not a danger to the safety of any other person or to the community as provided in § 3142(g). See U.S.S.G. § 1B1.13.

In addition, prior to granting compassionate release, the Court must assess whether a sentence reduction to time served is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) requires the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which requires that a sentence reflect the seriousness of and provide just punishment for the offense. 18 U.S.C. § 3553(a). Again, the offenses that led to defendant's current term of imprisonment are very serious, and as the government emphasizes, she has served less than half of her ten-year sentence. But the extraordinary nature of the COVID-19 pandemic has altered life as we know it. While defendant deserved the sentence the Court imposed in May 2016, the risks to defendant's life and health now outweigh the punitive benefits that would be gained from keeping her incarcerated. Cf. United States v. Pippin, CR16-266-JCC, 2020 WL 2602140, at *3 (W.D. Wash. May 20, 2020). Accordingly, the Court

intends to convert defendant's remaining term of imprisonment into a one-year term of home detention as an additional condition of supervised release. Under these circumstances, the Court is satisfied that defendant's sentence reduction is consistent with the objectives of § 3553(a).

## IV. CONCLUSION

For all the foregoing reasons, defendant's Motion for Compassionate Release (Dkt. #96) is GRANTED. Additionally, defendant's motion to seal (Dkt. #97) is GRANTED.

IT IS HEREBY ORDERED that defendant's custodial sentence be reduced to time served. Supervised release shall commence immediately upon defendant's release from custody, during which time defendant shall be subject to the mandatory, standard, and special conditions of supervision set forth in the Judgment (Dkt. #86), as well as the other conditions set forth in this Order:

> The defendant shall participate in the location monitoring program with Active Global Positioning Satellite technology for a period of 12 months. The defendant is restricted to her residence at all times except for employment, religious services, medical, legal reasons, or as otherwise approved by the location monitoring specialist. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist.

All other provisions of sentencing remain as previously set.

IT IS FURTHER ORDERED that defendant shall be released to her approved release address fourteen (14) days from the date of this order to accommodate a quarantine period with the Federal Bureau of Prisons. If defendant tests positive for COVID-19 any time during this quarantine period, BOP will notify the government who will immediately notify the Court so that this order can be modified appropriately.

IT IS SO ORDERED.

//

//

//

DATED this 5th day of October, 2020.

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE - 9